**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANDREJ KLANCNIK and ) | |
| ZORAN KLANCNIK, ) | |
|   Plaintiffs, ) | |
| ) | |
|  v. ) | Case: 2:20-cv-430 |
| ) | |
| YUSUF A. ADAN and ) | |
| 5 STAR CARRIER LLC, ) | |
| ) | |
|  Defendants. ) | **JURY DEMANDED** |

## CIVIL COMPLAINT

NOW COMES Plaintiffs ANDREJ KLANCNIK ("Andrej") and ZORAN KLANCNIK ("Zoran"), by and through CUSTY LAW FIRM, LLC, against the Defendants YUSUF A. ADAN ("Yusuf") and 5 STAR CARRIER LLC ("5 Star") and allege and state the following:

### The Parties

1. Andrej is a citizen and resident of Florida.

2. Zoran is a citizen and resident of Florida.

3. Defendant Yusuf is a citizen and resident of Ohio. Defendant Yusif may be served with legal process at his home address.

4. Defendant 5 Star is a foreign limited liability company organized under the laws of Ohio with its principal place of business located at 3705 Fransworth House, Columbus, Ohio 43219. 5 Star's Member is a citizen and resident of Ohio. Therefore, Defendant 5 Star is a citizen of Ohio.

1

5. At all relevant times, Defendant 5 Star was and is engaged in business as an interstate motor carrier transporting goods and other items for compensation and does business in Indiana, including and through the Northern District of Indiana.

## Background Facts

6. Plaintiffs traveled northbound on Interstate 65 in Lake County on December 16, 2019 in a 2009 Freightliner driven by Andrej. Zoran was a passenger in the truck.

7. As they approached mile marker 259, the Plaintiffs' truck jackknifed and became disabled in the roadway of northbound Interstate 65 near mile marker 259.

8. Several minutes later and at approximately 2:32 PM, Yusuf drove a 2005 Freightliner northbound on Interstate 65 in Lake County, Indiana near mile marker 259.

9. The 2005 Freightliner driven by Defendant Yusuf slammed into the rear of the disabled truck in which Plaintiffs were seated.

10. The investigating officers determined that Defendant Yusuf's driving too fast for conditions was the cause of the violent collision.

11. At the time of the wreck, Defendant Yusuf had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Indiana law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Indiana law, including, but not limited to the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

12. There was nothing that Plaintiffs could have done to avoid or minimize the collision or the damages resulting therefrom.

13. The Freightliner driven by Defendant Yusuf was owned by Defendant 5 Star.

14. Defendant 5 Star Operated under USDOT #2811674 at the time of the crash.

15. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employer" as any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business, or assigns employees to operate it.  49 C.F.R. § 390.5.

16. That in relevant parts, the Federal Motor Carrier Safety Regulations define an "Employee" as any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle). 49 C.F.R. § 390.5.

17. That at all times relevant, the truck and trailer driven by Defendant Yusuf was a semi-trailer and therefore a motor vehicle as defined by the Federal Motor Carrier Safety Regulations.

18. That at all relevant times, Defendant Yusuf, was a driver of said motor vehicle and therefore an employee as defined by the Federal Motor Carrier Safety Regulations.

19. That at all times relevant, Defendant Star 5 owned the trailer or commercial motor vehicle in connection with Defendant Yusuf's employment, and was therefore a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

20. At all times relevant, Defendant 5 Star was a motor carrier and therefore an employer as defined by the Federal Motor Carrier Safety Regulations.

21. That in its relevant parts, the Federal Motor Carrier Regulations mandate that motor carriers, which includes employers, require observance by their drivers of the duties or prohibitions otherwise prescribed for drivers in the Federal Motor Carrier Safety Regulations.  49 C.F.R. § 390.11.

22. At the time of the collision, Defendant Yusif was operating the tractor-trailer in the course and scope of his employment and/or agency with 5 Star and in furtherance of the business of each.

## Jurisdiction and Venue

23. This Court has jurisdiction for this action under 28 U.S.C. § 1332.

24. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) insofar as a substantial part of the events or omissions giving rise to the claim occurred within the Northern District of Indiana and other applicable law.

25. This Court has subject matter jurisdiction over the claims asserted in this Complaint.

26. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

27. There is complete diversity among the parties as Plaintiff is not a citizen of the same state as any of the Defendants.

## Causes of Action
## COUNT I: Negligence and Negligence *Per Se*
### Against Defendant Yusuf A. Adan

28. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

29. Defendant Yusuf A. Adan had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver so as not to endanger the lives and welfare of Andrej and Zoran and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonably and prudent speed in accordance with the condition of the roadway and all traffic laws and regulations.

30. As a professional truck driver, Defendant Yusuf also had a duty to operate his tractor-trailer in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

31. Defendant Yusuf breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

    a. Failing to keep a lookout for vehicles and traffic ahead;
    b. Failing to perform a proper visual search;
    c. Failing to properly manage his space;
    d. Following too closely;
    e. Failing to yield the right of way to vehicles in front of him on the roadway;
    f. Failing to drive at a safe and reasonable speed under the conditions;
    g. Failing to drive defensively;
    h. Failing to avoid colliding with another vehicle;
    i. Operating a motor vehicle while distracted;
    j. Operating a motor vehicle while fatigued;
    k. Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiffs in particular, in grave danger;
    l. Failing to adhere to safe driving principles expected of professional drivers;
    m. Failing to operate the truck in accordance with generally accepted safety principles for professional drivers and/or the commercial motor vehicle industry;

n. Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

o. Violating the Indiana rules of the road including Indiana Code § 9-21-5-1 (failing to drive vehicle at a reasonable speed under the conditions); Indiana Code § 9-21-5-4 (failing to reduce speed due to traffic and highway conditions); Indiana Code § 9-21-8-12 (truck tractor to only be operated in far right lane absent specified circumstances); and Indiana Code § 9-21-5-1 (failing to reduce speed to avoid a wreck);

p. Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and

q. Such other specifications of negligence that shall be added by amendment or proven at trial.

32. As a result of the foregoing breaches of duties, Andrej and Zoran were physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time and/or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

33. Defendant Yusuf is liable to Andrej and Zoran for all damages allowed by law for the injuries, harms and losses sustained by Plaintiffs as a result of his negligence.

34. Driving at an unsafe speed and unsafe operation of a vehicle under Indiana law are acts of "aggressive driving" pursuant to Indiana Code § 9-21-8-55 and exhibit a conscious and

6

reckless disregard for the safety and well-being of others and the natural and probable consequences of ones choices.

WHEREFORE, Plaintiffs ANDREJ KLANCNIK and ZORAN KLANCNIK, demand judgment against the Defendant YUSUF A. ADAN for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: *Respondent Superior*
## Against Defendant 5 Star Carrier LLC

35. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 34 of this Complaint for Damages as if each were fully set forth herein in their entirety.

36. At all times material, Defendant Yusuf was acting within the course and scope of his employment or agency with Defendant 5 Star and was furthering the business interests of Defendant 5 Star.

37. Defendant 5 Star is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants or contractors pursuant to applicable law. These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Yusuf on December 16, 2019, which are described above and were committed within the course and scope of his agency or employment with Defendant 5 Star.

38. As a result of the foregoing breaches of duties, Andrej and Zoran were physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time and/or wages and impairment of

earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

39. Alone or in conjunction with the negligence of other Defendants, Defendant Yusuf A. Adan's negligence proximately caused the injuries to Andrej and Zoran.

40. Defendant 5 Star is liable to Andrej and Zoran for all damages allowed by law for the injuries, damages and losses sustained by Plaintiffs as a result of the negligence of Defendant Yusuf and/or its own independent negligence.

WHEREFORE, Plaintiffs, ANDREJ KLANCNIK and ZORAN KLANCNIK demand judgment against the Defendant 5 STAR CARRIER LLC for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT III: Negligence
### Against Defendant 5 Star Carrier LLC

41. Plaintiff incorporates herein by reference the allegations of Paragraphs 1 through 40 of this Complaint for Damages as if each were fully set forth herein in their entirety.

42. As an employer, Defendant 5 Star is also independently negligent in the hiring, qualifying, training, entrusting, supervising, and retaining Defendant Yusuf in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

43. Defendant 5 Star failed to ensure that their commercial motor vehicle and driver complied with federal and state laws and regulations.

44. Defendant 5 Star failed to properly inspect, maintain, service or repair the tractor and commercial motor vehicle Yusuf was driving or pulling.

45. As an employer and motor carrier, Defendant 5 Star had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards including the duty to properly qualify Defendant Yusuf, the duty to properly train Defendant Yusuf, the duty to properly inspect and maintain its vehicles and trailers, the duty to make sure its employees are medically able to operate commercial motor vehicles and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its motor vehicles and trailers.

46. Defendant 5 Star was independently negligent in failing to meet its duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Indiana law and industry standards.

47. As a result of the foregoing breaches of duties, Plaintiffs were physically injured, suffered emotional distress and sustained other permanent and severe personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, loss of enjoyment of life, and permanent impairment; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

48. Alone or in conjunction with the negligence of other Defendants, Defendants Yusuf, and 5 Star's negligence proximately caused the injuries to Plaintiffs.

49. Defendant 5 Star is liable to Plaintiffs for all damages allowed by law for the injuries, harms and losses sustained by Plaintiffs as a result of the negligence of Defendant Yusuf and/or their own independent negligence.

WHEREFORE, Plaintiffs, ANDREJ KLANCNIK and ZORAN KLANCNIK demand judgment against the Defendant 5 STAR CARRIER LLC for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: Punitive Damages
### Against Yusuf A. Adan and 5 Star Carrier LLC

50. Plaintiffs incorporate herein by reference the allegations of Paragraphs 1 through 49 of this Complaint for Damages as if each were fully set forth herein in their entirety.

51. Yusuf and 5 Star, have been guilty of such willful misconduct, malice, fraud, wantonness, oppression and an entire want of care sufficient to raise the presumption of conscious indifference to consequences.

52. The aforementioned Defendants' misconduct is so aggravating it authorizes, warrants and demands the imposition of substantial punitive damages against Yusuf and 5 Star.

WHEREFORE, Plaintiff, ANDREJ KLANCNIK and ZORAN KLANCNIK demands judgment against the Defendants 5 STAR CARRIER LLC for compensatory damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

Respectfully Submitted,

CUSTY LAW FIRM, LLC

/s/ Brian N. Custy (#26329-64)
4004 Campbell Street, Suite 4
Valparaiso, IN  46385
219-286-7361
bcusty@custylaw.com

## **JURY DEMAND**

Comes now the Plaintiffs, Andrej Klancnik and Zoran Klancnik, and demand a trial by jury.

                                              Respectfully Submitted,

                                              CUSTY LAW FIRM, LLC

                                              /s/ Brian N. Custy (#26329-64)
                                              4004 Campbell Street, Suite 4
                                              Valparaiso, IN  46385
                                              219-286-7361
                                              bcusty@custylaw.com